UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOREN W. KREUTNER,<br><br>                Plaintiff,<br><br>      v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C09-5676JRC<br><br>ORDER AFFIRMING ADMINISTRATIVE DECISION |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter has been fully briefed.  Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final administrative decision.

      In short, when plaintiff received a permanent partial disability award from the State of Washington's workers' compensation program, that award was properly offset against plaintiff's social security disability benefits received from the federal government.

      The facts are undisputed.  Plaintiff began receiving social security disability benefits in December 2004, based upon a finding that he has been unable to work since November 17, 1999.

ORDER - 1

While receiving social security benefits, plaintiff had an open state worker's compensation claim.

On November 5, 2005, plaintiff received a permanent partial disability (PPD) award from the State of Washington in the amount of $13,726.59. The award was based on plaintiff's mental health impairment related to an industrial injury on November 17, 1999.

On September 30, 2006, the Social Security Administration issued a notice stating that plaintiff's disability benefits would be offset due to receipt of the worker's compensation award and the administration has subsequently offset plaintiff's monthly disability benefits.

Plaintiff challenged the administrative action, filing a request for a hearing before an administrative law judge ("ALJ"). On April 16, 2009, the ALJ issued a decision, in which the ALJ found that the administration had properly applied the worker's compensation offset provisions, 20 CFR 404.408. Tr. 119. The administration's appeals council affirmed the ALJ's decision, making the ALJ's decision the final administrative decision subject to judicial review.

The matter is now before the court to determine whether or not plaintiff's worker's compensation award should be subject to an offset by the social security administration.

## DISCUSSION

This is a unique social security case, involving only one legal issue. There are no factual disputes. Accordingly, if the ALJ has applied the proper legal standard the administrative decision should be affirmed. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).

A provision in the Social Security Act, 42 U.S.C. § 424a(a)(2)(A), states that a recipient of Social Security disability benefits, who is also entitled to "periodic benefits on account of his or her total or partial disability . . . under a workmen's compensation law or plan of the United States or a State" shall have his or her Social Security disability benefits reduced by the amount

by which the state workmen's compensation benefits exceed the higher of: (a) 80 percent of the recipient's average current earnings; or (b) the total of the recipient's Social Security disability benefits.  42 U.S.C. § 424a(a)(2-6).  The Social Security Administration has no discretion in the matter; the statute provides that such benefits "shall be reduced."  42 U.S.C. §424a(a)(2).

The purpose of the statue is to prevent an overlap between workers' compensation and social security benefits, which would decrease a disabled worker's incentive to return to work. Richardson v. Belcher, 404 U.S. 78, 82-83 (1971).  "[T]he scope of the federal offset provision is extremely broad."  Hodge v. Shalala, 27 F.3d 430, 432 (9th Cir. 1993).

Plaintiff argues that his workers' compensation benefits should not be offset because they should not be considered "periodic benefits."  This is so, plaintiff submits, because Washington workers' compensation benefits "are not tied to economic factors, but are lump sum payments for loss of bodily function."  Plaintiff's Opening Brief at 5.  Plaintiff asserts that the state benefit award was for the loss of function independent of economic considerations and following the reasoning in Hodge, such awards are not periodic benefits subject to the federal offset provisions. After reviewing the matter, particularly the Ninth Circuit's decision in Hodge, the court is not persuaded by plaintiff's argument.

Non-periodic payments may be excluded from offset only if they "reflect either the actual amount of expenses already incurred or a reasonable estimate, given the circumstances in the individual's case of future expenses."  20 C.F.R. §4040.408(d).  Lump sum payments that are made as a substitute for periodic workers' compensation benefits are considered exempt from the offset provision only to the extent that they represent medical, legal, or related expenses in connection with the worker's compensation claim.  SSR 81-33.  It is the plaintiff's burden to show that the purportedly non-periodic lump sum is not actually "a commutation of, or a

substitute for, periodic payments." 42 U.S.C. §424a(b).  *See also* Kober v. Apfel, 133 F.Supp.2d 868, 872 (W.D. Va. 2001).  Whether a lump sum worker's compensation payment is a payment covered by the offset provision is a question of federal rather than state law.  Campbell v. Shalala, 14 F.3d 424, 427 (8th Cir. 1994); Munsinger v. Schweiker, 709 F.2d 1212, 1217 (8th Cir. 1983).  However, courts should still take a state's worker's compensation system into account in order to determine the issue under federal law.  Hodge v. Shalala, 27 F.3d 430, 432 (9th Cir. 1993); Frost v. Chater, 952 F.Supp. 659, 663 (N.D. 1996).

In Hodge, the Ninth Circuit rejected Mr. Hodge's attempt to argue that Oregon law differentiated between "scheduled" and "unscheduled" awards and that this distinction dictated whether or not a worker's compensation award would be considered a periodic benefit subject to the offset.  Hodge v. Shalala, supra, at 432-33.  The undersigned notes that Mr. Hodge's worker's compensation claim, just like plaintiff's compensation award in the instant matter, involved a lump sum payment for a permanent partial disability.  Id. at 432.

Plaintiff argues that Washington law, unlike Oregon's worker's compensation system, clearly indicates that permanent partial disability awards are not tied to economic factors, citing Cayce v. Dept. of Labor & Industries, 2 Wn.App. 315, 317, 467 P.2d 879 (1970); McIndoe v. Dept. of Labor and Industries, 144 Wn.2d 252, 26 P.3d 903, 906 (2001); Willoughby v. Department of Labor and Industries, 147 Wn.2d 725, 733, 57 P.3d 611 (2002); and RCW 51.08.150.  Plaintiff's Opening Brief at 5.

The undersigned has carefully reviewed the state cases and statute cited above and finds Washington law, unlike the Oregon scheme, specifically does not measure permanent partial disability by the loss of earning power.  However, this is a distinction without a difference.  The same reasoning noted by the Ninth Circuit in Hodge can be said of the Washington worker's

ORDER - 4

compensation system: "The entire scheme of Worker's Compensation law is to compensate workers, who are active in the labor market, for wages lost because of inability (or reduced capacity) to work as a result of a compensable injury. . . . [omitted]  These discrepancies do not change the basic fact that such awards still represent a stream of lost future wages." Hodge at 433.  See McIndow v. Dept. of Labor and Industries, 144 Wn.2d 252, 256 (2001)(the court noted Washington's worker's compensation laws were enacted to provide workers, injured at their work, and their family some economic relief regardless of fault).

The court further notes plaintiff has not provided any detail regarding what his worker's compensation was for, i.e., plaintiff has not shown the court that the lump sum payment represents medical, legal, or related expenses in connection with the worker's compensation claim.  It appears the award was based solely on plaintiff's mental health impairment related to a November 17, 1999 work injury.  Plaintiff's Opening Brief at 2.  Plaintiff has not carried his burden of showing that the permanent partial disability award is not subject to the offset.

The court finds plaintiff's worker's compensation lump sum award for his mental health impairment is subject to the federal offset provision.  A majority of other federal courts have ruled similarly.  See Davidson v. Sullivan, 942 F.2d 90 (1st Cir. 1991)(lump sum worker's compensation payment was a commutation of, or substitute for, periodic payments, and thus was properly offset against social security disability benefits); Black v. Schweiker, 670 F.2d 108 (9th Cir.1982)(Lump sum worker's compensation settlement for claimant's mental impairments was a substitute for periodic payments); Kananen v. Matthews, 555 F.2d 667 (8th Cir. 1977)(worker's compensation award in the form of a lump sum payment was properly deducted from amount of disability insurance benefits owing to the claimant); but *cf*., Frost v. Chater, 952 F. Supp. 659

1 (N.D. 1996)(claimant's disability benefits were not subject to offset for his permanent partial

2 impairment award).

    Based on the foregoing, the administration's application of the offset to plaintiff's workers' compensation award is affirmed.

    DATED this 8th day of June, 2010.

*[signature]*

J. Richard Creatura
United States Magistrate Judge